UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Sally Escobar<br><br>Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Sally Escobar, ("Sally"), is a natural person who resided in Lewiston, Maine, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action and has an office in Houston, Texas.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

5. CO uses a predictive dialer system.

6. Before CO began contacting Sally, it and Sally had no prior business relationship and Sally had never provided express consent to CO to be contacted on her cellular telephone.

7. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CO's revenue is debt collection.

9. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CO contacted Sally to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Sally is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, CO willingly and knowingly used an automatic telephone dialing system to call Sally on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. CO began contacting Sally on Sally's cellular phone in connection with the collection of the debt.

15. Sally entered into a payment plan with CO.

16. Sally made the required payments, but CO continued to contact Sally on Sally's cellular phone in connection with the collection of the debt.

17. During one communication, Sally requested CO cease further calls to Sally.

18. During this communication, CO told Sally that CO could call Sally if CO wanted.

19. Despite Sally's request, CO contacted Sally on Sally's cellular phone in connection with the collection of the debt on numerous occasions.

20. On more than one occasion, Sally requested CO cease further calls to Sally.

21. CO attempted to collect a debt from Sally.

22. CO violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC LPA

                By:/s/ Jeffrey S. Hyslip
                Jeffrey S. Hyslip, Esq.
                OH Bar #0079315
                SD TX Bar #0079315
                1100 W. Cermak Rd., Suite B410
                Chicago, IL  60608
                Phone: 312-380-6110
                Fax: 312-380-6110
                Email: jeffrey@lifetimedebtsolutions.com
                One of Plaintiff's Attorneys

September 2, 2014

5